```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
ESTATE OF COURTNEY L. RATCLIFFE,    :
NANCY RATCLIFFE, and ALFRED         :
RATCLIFFE,                          :
                      Plaintiff,    :     05 Civ. 10272 (JFK)
                                    :     OPINION & ORDER
          - against -               :
                                    :
PRADERA REALTY COMPANY,             :
ANASTASIOS TZEZAILIDIS,             :
287 10TH GLASS RESTAURANT, INC.,    :
TIMOTHY SHERRY, FERNANDO HENAO and  :
JOHN DOES I-V and ABC COMPANIES     :
VI-X, being fictitious entities     :
and/or persons, t/a or d/b/a        :
PRADERA REALTY COMPANY and/or 287   :
10TH GLASS RESTAURANT, INC.         :
jointly, severally and in the       :
alternative,                        :
                      Defendants.   :
------------------------------------X
```

**JOHN F. KEENAN, United States District Judge:**

Plaintiff has moved, pursuant to Federal Rule 15(a), to file an amended complaint to include a claim for punitive damages against Defendants 287 10th Glass Restaurant, Timothy Sherry, and Fernando Henao (collectively, "Glass" Defendants). The Glass Defendants oppose Plaintiff's application on the grounds that Plaintiff's application for amendment is untimely and futile.

Plaintiff's motion to amend is governed by Federal Rule 16(b), not Rule 15(a). Normally, leave to amend pleadings is evaluated under Rule 15, which provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, once a scheduling order has been entered in an action, which sets a deadline for amending a complaint, Rule 16(b) governs motions for leave to amend. Nairobi Holdings Ltd.

v. Brown Bros. Harriman & Co., 2006 U.S. Dist. LEXIS 9931, 02 Civ. 1230 (S.D.N.Y. Mar. 10, 2006) (citing Parker v. Columbia Pictures Indus., 204 F.3d 326, 339 (2d Cir. 2000)).  Under Rule 16(b), a scheduling order "shall not be modified except upon a showing  of good cause . . . ."  A court retains the discretion to deny a party's motion to amend its pleadings if, absent a showing of good cause, the motion is made after the time provided for in the scheduling order. See Nairobi Holdings, Ltd., 2006 U.S. Dist. LEXIS 9931.  To show good cause within the meaning of Rule 16(b), a party must demonstrate that the scheduling deadline could not be met despite the moving party's diligence. See Grochowski v. Phoenix Constr., 318 F.3d 80, 86 (2d Cir. 2003) (determining that a finding of good cause under Rule 16(b) turns on the diligence of the party seeking to amend).

     Here, the Court entered a Case Management Order that set a deadline for amendments to pleadings of January 11, 2007.  Thus, Rule 16(b), not Rule 15(a) governs the instant motion for leave to amend.  Plaintiff's motion explicitly addresses Rule 15(a).  Similarly, the Glass Defendants' opposition focuses on factors more appropriate to a Rule 15, rather than Rule 16, analysis.

     Accordingly, because the parties have failed to address the appropriate rule, Plaintiff's motion is denied without prejudice.  Plaintiff may file a new motion to amend, under

Federal Rule 16, by filing a motion no later than July 30, 2007. The Glass Defendants' response is due by August 8, 2007. Plaintiff's reply, if any, is due no later than August 15, 2007.

In conjunction with their opposition to the instant motion, the Glass Defendants have submitted a motion for summary judgment. The Glass Defendants may withdraw their motion for summary judgment without prejudice and file a new motion after the Court rules on Plaintiff's Rule 16(b) motion to amend the complaint. If the Glass Defendants wish not to withdraw the motion for summary judgment, however, they will not be permitted to file a new motion for summary judgment in response to the Court's ruling on Plaintiff's motion to amend its pleadings.

The briefing schedule for Defendants' motions for summary judgment is stayed pending the Court's adjudication of Plaintiff's Rule 16(b) motion. The Court will re-set deadlines for the parties' summary judgment submissions when it issues its decision on Plaintiff's Rule 16(b) motion.

SO ORDERED.

Dated:   New York, New York
         July 16, 2007

*/s/ John F. Keenan*

JOHN F. KEENAN
United States District Judge